United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY NATIONAL ASSOCIATION AS GRANTOR TRUSTEE OF THE PROTIUM MASTER GRANTOR TRUST,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS LEON, et al.,<br><br>Defendants.<br>_____/ | No. C-10-4613 EDL<br><br>**REPORT AND RECOMMENDATION RE: PLAINTIFF'S MOTION TO REMAND** |

This is a residential unlawful detainer action following a non-judicial foreclosure sale originally filed in Alameda County Superior Court on July 12, 2010. On October 12, 2010, Defendant filed a notice of removal to this Court based on diversity of citizenship. Plaintiff has moved to remand and the Court granted Plaintiff's request that the motion to remand be heard on shortened time. No opposition or reply was filed in connection with this motion, and Defendant did not appear at the hearing on the motion.

Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). Defendant, who is proceeding pro se, did not respond to court notices regarding consent to magistrate judge jurisdiction. Because all parties have not consented to the Court's jurisdiction, the Court issues this Report and Recommendation that recommends GRANTING Plaintiff's motion to remand, and reassigns this case to a district judge.

**Background**

This action began as a residential unlawful detainer action filed by Plaintiff in Alameda County Superior Court on July 12, 2010. Wallace Decl Ex. A. Plaintiff was served with the complaint on July 14, 2010. See id. Ex. B. Plaintiff alleges that it is the owner of and entitled to

1  immediate possession of the real property located at 5332 Silver Reef Drive, Fremont, CA 94538.
2  Compl. ¶¶ 1, 5.  Plaintiff further alleges that on April 3, 2010, it properly served Defendant with a
3  written three-day notice to quit but Defendant remains in possession of the property.  Compl. Ex. A,
4  ¶¶ 7-9.  Defendant filed a motion to quash in state court, which was denied.  See Notice of Removal
5  at 19, 22.  The state court subsequently overruled Defendant's demurrer to the complaint.  Id. at 46,
6  47.  Defendant filed an answer in state court on September 7, 2010.  Id. at 48-49.  On October 12,
7  2010, Defendant removed the unlawful detainer case to this Court.

**Legal Standard**

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  "If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).  Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Id. (citation omitted).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  Id.; see also Abrego v. Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006).  Removal jurisdiction may be based on diversity of citizenship or on the existence of a federal question.  28 U.S.C. § 1441.  Whether removal jurisdiction exists must be determined by reference to the well-pleaded complaint.  Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986).

**Discussion**

    **A.   The Removal Was Untimely**

Plaintiff moves to remand on the basis that Defendant's removal of the action was untimely under 28 U.S.C. § 1446(b), which requires that an action be removed within thirty days of service or thirty days after it becomes ascertainable that the action could be removed.  Defendant was served

with the complaint on July 14, 2010 and answered the complaint on September 7, 2010.  However, he did not remove until October 12, 2010, more than thirty days later, and nothing in the interim changed the nature of the complaint or made it any more or less removable than it was on the date it was served or answered.  Even taking into consideration the leniency afforded to pro se litigants, there is no excuse for Defendant's failure to timely remove, and remand is appropriate on this basis.  See 28 U.S.C. § 1447(c) (removed case may be remanded to state court based on a "defect" in the removal procedure).

### B. No Federal Court Jurisdiction

#### 1. No Diversity Jurisdiction

Defendant's notice of removal relies on diversity jurisdiction, and contends that he is a citizen of California while Plaintiff is a citizen of New York.  However, even if true, the notice of removal does not address the other requirement for diversity jurisdiction, i.e., whether "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs."  See 28 U.S.C. § 1332(a).  Defendant has made no showing that the statutory minimum of $75,000 has been met, and the face of the complaint shows that it has not been met.  The cover page of the complaint states in the caption, "AMOUNT DEMANDED DOES NOT EXCEED $10,000."  Compl. at 1.  Therefore, the case is not removable as a diversity action.

#### 2. No Federal Question Jurisdiction

Though Defendant did not base removal on federal question jurisdiction pursuant to 28 U.S.C. § 1441, Plaintiff's motion to remand points out that its complaint only alleged a single, state law unlawful detainer claim.  A case may be removed pursuant to 28 U.S.C. § 1441 only where a federal question appears on the face of the properly pleaded complaint.  See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  Here, the face of the complaint, which asserts one state law claim only, does not provide any ground for removal.  To the extent that Defendant may have raised federal law issues in his answer or believes that the state court action was filed in violation of Defendant's due process rights, those issues do not provide a basis for removal.  Therefore, remand

is proper because the complaint, on its face, does not arise under federal law.[1]

**Conclusion**

Accordingly, the Court recommends GRANTING Plaintiff's motion to remand. Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy. <u>See</u> 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

**IT IS SO ORDERED.**

Dated: November 10, 2010

ELIZABETH D. LAPORTE
United States Magistrate Judge

---

[1] Because the Court finds that remand is appropriate based on procedural and substantive grounds, it does not reach Plaintiff's alternative "abstention" argument.

4